69 F.3d 555
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Joe H. GUYNES, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3225.
 United States Court of Appeals, Federal Circuit.
 Nov. 6, 1995.
 
 Before MAYER, Circuit Judge, SMITH, Senior Circuit Judge, and MICHEL, Circuit Judge.
 PER CURIAM.
 
 
 1
 Joe H. Guynes petitions for review of a final decision of the Merit Systems Protection Board, Docket No. DA-0831-94-0125-I-1, which dismissed his petition for review as untimely filed. We affirm.
 
 
 2
 We review the board's decision within precisely defined statutory limits. 5 U.S.C. Sec. 7703(c) (1994); see Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). We must affirm the decision unless we determine it was (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c).
 
 
 3
 We do not agree with Guynes' argument that the board erred in refusing to reopen his appeal now that he has obtained an amended divorce decree. The board proceedings had concluded, and Guynes' avenue for amending his benefit distribution in light of the amended decree was with OPM, not with the board. OPM made its decision based on the divorce decree that Guynes possessed during his original hearing. Likewise, the board held that OPM's decision was correct in light of the circumstances that existed at that time. The fact that the document underlying OPM's decision changed does not change the correctness of OPM's decision based on the original document or the correctness of the board's affirmation of OPM's decision. It also does not excuse Guynes' untimely petition for review. The board did not abuse its discretion.
 
 
 4
 We also reject Guynes' argument that the board erred by treating his request for a rehearing as a petition for review. An appellant has no right to a rehearing. Rather, a rehearing is granted only on the board's own motion due to extreme circumstances such as fraud, concealment, or misrepresentation by a party. See 5 U.S.C. Sec. 7701(e)(1) (1994). Guynes has not alleged that such circumstances existed.